UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINA
Norfolk Division

MICHAEL BLUM,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____ )

## COMPLAINT

The Plaintiff, Michael Blum ("BLUM"), by and through the undersigned counsel, hereby sues Hartford Life and Accident Insurance Company ("HARTFORD") and alleges:

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. BLUM was at all times relevant a plan participant under the CACI International ("CACI") Long Term Disability Policy, Group No.: GLT674747 ("LTD Plan").

3. Defendant, HARTFORD, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in, and may be found in the Eastern district of Virginia. HARTFORD is the insurer of benefits under the CACI LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The HARTFORD LTD Plans are an employee welfare benefit plan regulated by ERISA, established by CACI. under which BLUM was a participant, and pursuant to which BLUM is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, BLUM is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as BLUM remains disabled as required under the terms and conditions of the LTD plans.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, HARTFORD, is authorized to and is doing business within the Eastern District of Virginia and BLUM is a resident of Virginia Beach, Virginia.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

6. BLUM incorporates by reference all preceding paragraphs as though fully set forth herein.

7. The LTD Plan defines Disability to mean: You are prevented from

performing one or more of the Essential Duties of (1) Your Occupation during the Elimination Period; (2) Your Occupation, for the 23 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and (3) after that, Any Occupation.

8. Any Occupation means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of (1) the product of Your Indexed Pre-disability Earnings and the Benefit Percentage; or (2) the Maximum Monthly Benefit.

9. BLUM's claim for LTD Benefits is currently under the Any Occupation standard of disability.

10. At all times relevant, BLUM was a plan participant or former plan participant under the terms and conditions of the LTD Plans.

11. Prior to filing for disability BLUM worked as the Deputy Director of Counter Terrorism Training for CACI.

12. During the course of BLUM's employment, BLUM became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while BLUM was covered under the LTD Plans, BLUM suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

13. Pursuant to the terms of the LTD Plans, BLUM made a claim to HARTFORD for benefits under the LTD Plan with an effective date of disability of March 23, 2015.

14. Following the applicable Elimination Period, benefits became payable as

of June 22, 2015.

15. On June 29, 2015, HARTFORD approved BLUM's claims for LTD benefits, and in doing so determined that BLUM would be prevented from performing one or more of the Essential Duties of his occupation as Deputy Director of Counter Terrorism Training for CACI.

16. On January 5, 2017, HARTFORD notified BLUM that the definition of disability would be changing from "own" to "any" occupation as of June 22, 2017, and that HARTFORD was beginning its review as to BLUM's entitlement to continued LTD Benefits under the new disability standard.

17. On June 16, 2017, HARTFORD notified BLUM that it was sending him to an Independent Medical Examination (IME) on June 27, 2017, with Dr. Krishna Padiyar.

18. Dr. Padiyar provided restrictions and limitations that would qualify BLUM to perform at a Light Duty physical demand level and stated in his report, "There are no limitations with respect to the number of hours per day or days per week the claimant is capable of working."

19. Based on the findings of the IME, HARTFORD conducted an Employability Analysis Report on August 3, 2017.

20. The report was completed Christina Fleisher, MS, CRC, Rehabilitation Case Manager- an employee of Hartford.

21. Ms. Fleisher identified six alternate "any" occupations that she believed BLUM could perform- Intelligence Specialist; Manager, Education and Training; Claims Adjudicator; Security Officer; Commanding Office, Investigation Division; Investigator, Internal affairs ("any" occupations).

22. Ms. Fleisher states in her report that based on the physical restrictions provided by Dr. Padiyar in the IME that BLUM could return to his former occupation as a Counterintelligence Agent.

23. Ms. Fleisher notes in her report that "any" occupations identified exist within the national economy but did not indicate in her report that the occupations existed in BLUM's local economy, and that they would pay the requisite benefit amount.

24. On August 4, 2017, one day after Ms. Fleisher's report, HARTFORD notified BLUM that it was terminating his claim for LTD Benefits as it had determined that he would not be prevented from performing one or more of the essential duties

25. On January 31, 2018, BLUM, through counsel, filed his administrative appeal.

26. BLUM argued that HARTFORD had ignored the medical information that supported his entitlement to continued LTD Benefits, and that none of the "any" occupations identified by HARTFORD in the Employability Analysis Report existed within 50 miles of BLUM's residence.

27. In reviewing BLUM's appeal HARTFORD conducted an outside peer review with Dr. A. Alen Nourian.

28. Dr. Nourian's review of the available medical information resulted in physical work restrictions in the sedentary to light demand level.

29. HARTFORD indicated that Dr. Nourian attempted to reach BLUM's doctor on multiple occasions to discuss BLUM's condition but received no response.

30. There is no indication that HARTFORD notified BLUM it was having difficulty in contacting BLUM's doctor, and had HARTFORD done so BLUM would

have coordinated with his doctor to set a time to speak with Dr. Nourian

31. On April 20, 2018, HARTFORD then had Ms. Camfield perform another Employability Analysis that this time indicated alternate "any" occupations of Unclaimed Property Officer; Commanding Officer, Investigation Division; and Investigator, Internal Affairs.

32. On April 23, 2018, HARTFORD notified BLUM that it was upholding the denial of his claim for LTD Benefits.

33. BLUM maintains that his work history, as set forth in the administrative record, is so unique in its skillset that he would not have transferrable skills to the occupations identified by Hartford; and that assuming he did, he would be prevented from performing one or more of the essential duties of same on account of his medical conditions.

34. BLUM has exhausted all administrative remedies.

35. HARTFORD breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to BLUM at a time when HARTFORD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as BLUM was disabled and unable to work and therefore entitled to benefits.

    b. After BLUM's claim was denied in whole or in part, HARTFORD failed to adequately describe to BLUM any additional material or information necessary for BLUM to perfect him claim along with an explanation of why such material is or was necessary.

    c. HARTFORD failed to properly and adequately investigate the merits of BLUM's disability claim and failed to provide a full and fair review of BLUM's claim.

36. BLUM believes and alleges that HARTFORD wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which BLUM is presently unaware, but which may be discovered in this future litigation and which BLUM will immediately make HARTFORD aware of once said acts or omissions are discovered by BLUM.

37. As a proximate result of the aforementioned wrongful conduct of HARTFORD under the LTD Plan, BLUM has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding BLUM's claims for benefits, BLUM, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BLUM is entitled to have such fees and costs paid by HARTFORD.

39. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, BLUM is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Michael Blum prays for relief against the Hartford Life and Accident Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to

the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 9, 2020

MICHAEL BLUM

By: ___/s/ Christy L. Murphy___
Counsel

Christy L. Murphy, Esq. (VSB #73253)
Bischoff Martingayle, P.C.
208 East Plume Street, Suite 247
Norfolk, Virginia 23510
(757) 965-2793 (direct)
(757) 440-3924 (fax)
Email: clmurphy@bischoffmartingayle.com
*Counsel for Plaintiff*